[Civ. No. 671. First Appellate District.—January 7, 1910.]

JULIA E. BURKET, Respondent, v. FRED GRANT BURLAND and EDWARD GRANT BURLAND, Appellants.

PARTNERSHIP—ACCOUNTING—ACTION BY WIDOW OF DECEASED PARTNER —EXCESS OF CONTRIBUTION—FINDINGS UNSUPPORTED.—In an action by a widow of a deceased partner for an accounting of the partnership business, and to recover an alleged excess of contribution by her husband, as an equal partner owning one-half of the business, over the contribution made by the defendants jointly as owners of the other half, and issue was joined as to such excess, but the only witness called for plaintiff was a defendant, who testified to equal contributions, which was corroborated by the other defendant, findings for the plaintiff as to such excess are without any support in the evidence, from any point of view; for, if the defendants were believed, the findings

are against the evidence, and if they were discredited, there is no evidence to sustain 'them.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Zabala & Wyatt, Sheehy & Hudson, and J. E. Gardner, for Appellants.

Cassin & Lucas, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff, and from an order denying defendants' motion for a new trial.

The plaintiff in the action succeeded to the interest of her husband, J. E. Burket, and brought this action for the purpose of settling the accounts and business of a partnership concern. The partnership was composed of J. E. Burket and the two defendants, and its business was the conducting of an undertaking establishment and dealing in furniture.

It is admitted by the pleadings that J. E. Burket owned a one-half interest in said partnership business, and that the two defendants owned jointly the other one-half interest therein.

The question in the case is as to the amounts contributed by J. E. Burket and the defendants to the joint venture.

Plaintiff claims that J. E. Burket had invested $5,549.48 in the partnership, and that the defendants had invested but $2,527.04, and she sued for the difference—$3,022. The defendants, on the other hand, insist that the amount contributed by them was $3,794.08, and that Burket's contribution was a like amount.

The court found for the plaintiff. The contention of the defendants on this appeal is that the findings are not supported by the evidence, and we are constrained to agree with this view.

Edward G. Burland, a witness for the plaintiff (and being himself one of the defendants) testified: "On November 1, 1904, the time the partnership was formed, the undertaking

business inventoried $5,549.08; that was the value of the stock which Mr. Burket had on hand at the time; that stock went into the partnership. When the partnership was formed, Mr. Burket was owing us for twenty-one months' labor at $50 a month, making $1,050, also $55 for a canopy and draperies which we had sold him. He also allowed us a bonus of $650 as an inducement for entering into partnership with him, which made a total of $1,755, owing to Burland Bros. from Mr. Burket. The undertaking business inventoried $5,549.08 and in this we purchased a one-half interest for $2,774.50, and paid for that, first, by crediting Mr. Burket with the amount due us, to wit, $1,755, and by paying him the balance of $1,019.54. We had agreed to add to the undertaking business a furniture business, and we paid Mr. Burket the $1,019.54, which was the balance due him for one-half of his undertaking business, by putting a like amount with it and investing the whole, or $2,039.08, in a stock of furniture.''

The testimony of this witness was corroborated by his co-defendant, testifying for the defense.

Prior to the trial J. E. Burket had died, and the facts just narrated were undisputed. Upon this testimony the court found that there is due from the defendants to the plaintiff the sum of $877.50, on account of their purchase of their one-half interest in the business.

It may be that the trial judge disbelieved the correctness of the position taken by the defendants. It is certain that the venture was not a profitable one for Burket. The Burlands had, prior to February 3, 1903, carried on this undertaking business under the firm name of Burland Bros., and on that date, in consideration of $5,800, they sold it to Burket, and twenty-one months later they purchase a half interest therein for $2,774.54, the largest item going to make up that sum being $1,050, which the defendants say was due E. G. Burland for salary, at the rate of $50 a month for the time Burket owned and ran the business, no part of which during that time had been paid or even demanded. Another substantial item of the purchase price was the bonus of $650, which the Burlands testify was credited them for consenting to go into business with Burket. During the existence of the copartnership Burket, on account of sickness, was absent most of the time from its place of business. No books of

account were kept until about nine months after the copartnership was established, and it was dissolved about one month after they were opened. Burket died without ever having seen these books. The case was tried after Burket's death, and the plaintiff, knowing nothing concerning the conduct of the business, was compelled to submit her cause on the testimony of one of the defendants.

In no view of the evidence, however, can the findings of the court be sustained. If the evidence be true, the findings of the court are against it; on the other hand, if the court disbelieved the testimony given by the defendants, the plaintiff is in no better position, for in that event there is no evidence to support the findings.

The plaintiff received over $4,000 for her one-half interest in the stock, fixtures and net credits of the copartnership, and the testimony introduced by the plaintiff herself shows that each half interest contributed the same amount, to wit, Burket, one-half of the undertaking business, $2,774.54, and one-half of the furniture business, $1,019.54, making a total of $3,794.08; and Burland Bros., one-half of the undertaking business and one-half of the furniture business, of the same value respectively.

From the foregoing it follows that the judgment and order must be reversed, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.